EDWARD MORRISON, *Appellant*, V. THOMAS H. PENCE, *Appellee*.

No. 16,376.

### SYLLABUS BY THE COURT.

1. FALSE IMPRISONMENT—*Definiteness of Officer's Answer Justifying Arrest—Statement of Offense and Grounds for Arrest.* The failure of an officer, in his answer justifying an alleged illegal arrest and detention, to state particularly the offense with which the plaintiff was charged and the grounds for which the arrest was made is not material error, where it appears that the plaintiff was fully informed as to the nature of the charge and the cause of his arrest and was not deprived of any right because of a lack of such information.

2. ——— *Authority of Officer—Appointment—Confirmation—Oath—Commission—Signature to Oath.* A city marshal was regularly appointed and confirmed by the mayor and council and was sworn into office by a competent officer, but no commission was given to him, nor did he subscribe to an oath. He entered upon the discharge of his duties and later arrested, without a warrant, one who was committing a public offense in his presence. *Held*, that the failure of the officer to receive a commission and to subscribe to an oath did not diminish his authority, nor prevent him when sued for false imprisonment from justifying the arrest on the ground that he was an officer.

Morrison v. Pence.

Appeal from Gray district court; GORDON L. FINLEY, judge. Opinion filed May 7, 1910. Affirmed.

*L. A. Madison,* and *B. F. Milton,* for the appellant.

*Thomas A. Scates,* and *Albert Watkins,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Edward Morrison, who owned and operated a livery barn in Cimarron, staked down a mare on a railroad right of way which was used as a street and which was in plain view of the principal hotel in the city. His declared purpose was to cure the mare of the habit of lying down when they attempted to drive her past the barn. The mare was thrown to the ground, her head staked down, her feet were stretched out and each tied to a stake, and in this position she was left for about thirty minutes. There was a city ordinance which, among other things, prohibited the obstruction of streets, the disturbance of the peace, and the cruel treatment of animals. Complaint was made by a number of citizens of the action of Morrison in staking down the mare, and he was told of the complaints and of a contemplated arrest by the city marshal. When the marshal came up he asked him to unloose the mare, and this Morrison refused to do. Three or four such demands were made and refused, when the marshal arrested Morrison without a warrant, and after some resistance compelled him to go to the courthouse, and, not finding the police judge there, Morrison was released. To recover damages for the arrest and imprisonment Morrison brought this action against Pence, the marshal. In his answer Pence alleged that he was the duly appointed and acting marshal of the city; that the arrest was made by him in that capacity, without violence, and that no more force was used in making the arrest than was necessary, and that the force actually used was due to the resistance made by

Morrison. The verdict of the jury was in favor of Pence, and Morrison complains of several rulings made during the trial.

A motion was made by appellant to require appellee to make his answer more definite and certain by stating particularly the offense for which the arrest was made, but the motion was denied. In this respect the answer was incomplete. The appellee, who was asserting that the arrest was not unlawful, should have informed appellant of the cause of the arrest—that is, that he found the appellant in the act of committing an offense, and was therefore warranted in making the arrest, with or without a warrant. The motion might very well have been allowed, but the testimony discloses that appellant knew well enough the cause of the complaint against his action and the ground for his arrest. It is plain that there was no lack of information why the marshal took him into custody, and there was no limit to the scope of the inquiry because of the incomplete answer. It is only prejudicial error that justifies the reversal of a judgment.

There is also complaint of an instruction by the court to the effect that appellee, as marshal, had the right to arrest upon view, without a warrant, any person found violating any ordinance of the city. In this connection it is contended that appellee was only a *de facto* city marshal, and that as such he can claim no privilege or protection because of his office. The trial court in its charge referred to the marshal as a *de facto* officer, but it appears that he was that and more too. He was appointed by the mayor and his appointment confirmed by the city council, and a record of the same was made. He was then sworn into office and assumed the performance of his duties, but it does not appear that a formal commission was issued to him or that he subscribed to a written oath. His title to the office was not affected by the lack of a commission. It was the appointment and confirmation which

conferred the right to the office, and the commission is only evidence of that right. He should have subscribed to the oath of office which he took, as that, too, furnishes evidence that he was sworn into office. He was regularly appointed and confirmed, and therefore clothed with all the authority which the mayor and council could confer on him, and when he was sworn into office there was a substantial compliance with the law. From that time he was required to perform the duties of the office and entitled to plead his official character when his acts were challenged. The omissions mentioned would not have excused him if he had failed to preserve the peace, enforce the law or arrest one who committed a public offense in his presence. The public has an interest in the performance of duties of the character mentioned and also in the officer having the protection of the law in the performance of such duties. The right to justify as an officer is not for the benefit of the officer alone, and in this instance his justification did not rest merely upon the fact that he was an officer but upon the added fact that he did that which the law required of him, namely, to arrest appellant when he found him committing an offense which made him subject to arrest and prosecution.

We find nothing prejudicial in the rulings on the instructions, and the evidence appears to be sufficient to sustain the verdict and judgment. The judgment is affirmed.